UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES T. SHEPHERD,

                      Plaintiff,

-against-

DR. LINLEY; NURSE STEWART; NURSE KOBONDEK; OFFICER WITKAWSKI,

                      Defendants.

24-CV-6912 (CS)

AMENDED ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

      Plaintiff, who is currently incarcerated at FCI Otisville, brings this action *pro se*. Plaintiff seeks damages and injunctive relief. By order dated September 19, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP) – that is, without prepayment of fees.[1]

## DISCUSSION

      Because Plaintiff has been granted permission to proceed IFP, he is entitled to assistance from the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

      To allow Plaintiff to effect service on Defendants Dr. Linley, Nurse Stewart, Nurse Kobondek, and Officer Witkawski through the U.S. Marshals Service, the Clerk of Court is

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date any summonses issue.

instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each Defendant, including checking the box on the USM-285 form labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is directed to mail an information package to Plaintiff.

The Clerk of Court is further instructed to (1) issue a summons for each Defendant, (2) complete the USM-285 form with the address for each Defendant, including checking the box on the USM-285 form labeled "Check for service on U.S.A.," and (3) deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   October 2, 2024
         White Plains, New York

_____
CATHY SEIBEL
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Dr. Linley
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY  10963

2. Nurse Stewart
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY  10963

3. Nurse Kobondek
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY  10963

4. Officer Witkawski
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY  10963