UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES T. SHEPHERD,

Plaintiff,

-against-

DR. LINLEY, *et al.*,

Defendants.

24-CV-6912 (CS)

ORDER OF SERVICE

CATHY SEIBEL, United States District Judge:

Plaintiff, who is currently incarcerated at FCI Coleman, brings this action *pro se*. Plaintiff filed his initial complaint on September 4, 2024, seeking damages and injunctive relief against Defendants Dr. Linley, Nurse Stewart, Nurse Kobondek, and Officer Witkawski. (ECF No. 1.)

By order dated September 19, 2024, the Court granted Plaintiff's request to proceed in forma pauperis (IFP) – that is, without prepayment of fees. (ECF No. 5.) On September 27, 2024, the Court issued an Order of Service directing the Clerk of Court to (1) issue a summons for each Defendant; (2) complete the USMS Process Receipt and Return form ("USM-285 form") with the address for each Defendant, including checking the box on the USM-285 form labeled "Check for service on U.S.A.;" and (3) deliver to the U.S. Marshals Service ("USMS") all documents necessary to effect service. (ECF No. 7; *see also* ECF No. 8.)

On December 29, 2025, these Defendants filed a pre-motion letter seeking a conference in anticipation of their motion to dismiss. (ECF No. 33.) The Court held a conference on February 4, 2026, during which it granted Plaintiff leave to file an amended complaint and set a briefing schedule for Defendants' proposed motion. (*See* Minute Entry dated Feb. 4, 2026.) Plaintiff's Amended Complaint was filed on June 30, 2026, (ECF No. 41 ("AC")), which was

later than the June 15, 2026 deadline set by the Court, (ECF No. 40), but it appears that the mailroom received the Amended Complaint on June 13, 2026, (*see* AC at 47), and the Court will therefore consider it timely.

In the Amended Complaint, Plaintiff adds four new Defendants: Lieutenant Sanders, Lieutenant Liemkuller, Officer Becker and Lieutenant Munoz. (*See generally* AC.) Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on assistance from the Court and the United States Marshals Service ("USMS") to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Sanders, Liemkuller, Becker and Munoz, the Clerk of Court is instructed to fill out the USM-285 form for each Defendant, including checking the box on the USM-285 form labeled "Check for service on U.S.A." The Clerk of Court is further instructed to issue summonses for these Defendants and deliver to the USMS all the paperwork necessary for the USMS to effect service upon them.

If the complaint is not served on these Defendants within 90 days after the date that the summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service). Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

[1]Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have effected service until the Court reviewed the complaint and ordered that any summonses be issued. The Court therefore extends the time to serve until 90 days after the date that any summonses issue.

**CONCLUSION**

The Clerk of Court is instructed to (1) issue summonses for Defendants Sanders, Liemkuller, Becker and Munoz; (2) complete the USM-285 form with the address for each Defendant, including checking the box on the USM-285 form labeled "Check for service on U.S.A.;" and (3) deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

**SO ORDERED.**

Dated: July 6, 2026
White Plains, New York

Cathy Seibel

CATHY SEIBEL, U.S.D.J.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Lieutenant Sanders
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY 10963

2. Lieutenant Liemkuller
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY 10963

3. Officer Becker
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY 10963

4. Lieutenant Munoz
   FCI Otisville
   Federal Correctional Institution
   Two Mile Drive
   Otisville, NY 10963